# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as intenture Trustee under the indenture relating to IMH ASSETS CORP., collateralized asset-backed bonds, Series 2005-7,<br><br>Plaintiff,<br><br>vs.<br><br>GALEN LEFTON, MEL ANDERSON, RICK BAILEY, et al.,<br><br>Defendants. | CASE NO. 11-CV-746 JLS (BLM)<br><br>**ORDER: SUA SPONTE REMANDING CASE** |

    Plaintiff filed an unlawful detainer action against Defendants in the Superior Court of California for the County of San Diego on September 24, 2010. (Doc. No. 1 Ex. 1 (UD Compl.).) On April 11, 2011, Defendant Galen Lefton removed the case to this Court. (Doc. No. 1 (Notice of Removal).) The Court finds that it lacks jurisdiction over this matter and *sua sponte* remands the case to the Superior Court of California for the County of San Diego.

    In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v.*

*Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

The Court's subject matter jurisdiction encompasses federal question jurisdiction and diversity jurisdiction. The Court discusses each in turn.

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). The Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* 831. In this case, Plaintiff's underlying claim is an unlawful detainer action filed under California law. (UD Compl.) Defendant does not contest this and argue instead that "Defendant alleges violations of the California Penal Code, [Fair Debt Collection Practices Act], [and] violation of civil rights, all of which constitute federal questions." (Notice of Removal 3.) Even assuming that these allegations are true, they cannot be taken into consideration for determining whether removal is appropriate. Consequently, there is no federal question basis for removal.

There is also no basis for diversity jurisdiction in this case. Diversity jurisdiction requires that the plaintiffs and defendants be of different citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Plaintiff's complaint indicates that the amount demanded does not exceed $25,000. (UD Compl.) Because at least one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.

Defendant likewise fails to show that removal is appropriate under 28 U.S.C. § 1443[1] because he has not referenced a California "statute or . . . constitutional provision that purports to command the state courts to ignore . . . federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Defendant vaguely alleges that California state statutes governing judicial foreclosure "affect[] an illegal taking of property under color of law [such] that even freedom of speech itself is suppressed." (Notice of Removal 4.) Even assuming that these allegations are true, they are too vague to invoke the Court's jurisdiction under § 1443. *See, e.g., U.S. Bank Nat'l Ass'n v. Gutierrez*

---

[1] Section 1443 creates federal removal jurisdiction for actions brought against defendants who cannot enforce in state court "any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1).

1  *Hernandez*, 2010 WL 4054451, at *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the "right to own property without suffering fraudulent foreclosure and eviction" does not establish a basis for removal." (citation omitted)); *HSBC Bank USA v. Cabal*, 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted from a state statute or a constitutional provision but rather asserts that California state courts '"systematically trample[ ]" litigant's rights in unlawful detainer actions.' This is insufficient to allow removal under § 1443." (citation omitted)).

Defendant fails to establish that this Court has subject matter jurisdiction over the matter. Thus, this matter is **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk **SHALL** close the file.

**IT IS SO ORDERED**.

DATED: April 12, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge